# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND



CHAMBERS OF
GINA L. SIMMS
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0627

April 11, 2018

**VIA ELECTRONIC FILING**

John A. Axtell
ACI Law Group PC
6 Centerpointe Dr. Ste. 630
La Palma, CA 90623

Douglas B. Riley
Treanor Pope and Hughes, P.A.
500 York Road
Towson, MD 21204

Fatmata Barrie, Resident Agent
13129 Larchdale Road, Suite 1
Laurel, Maryland 20708

Edward Field Simon
P.O. Box 4284
Annapolis, MD 21403

Re: Wells Fargo Bank, N.A. v. Dorman Long Technology Equipment, LLC et al.
Civil Action No.: TDC-17-2007

Dear Counsel and Ms. Barrie:

A copy of the "Report and Recommendations" rendered in the above-captioned case is attached. Any objections you wish to make thereto must be made **in writing and within 14 days** pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

After the time for filing written objections has expired, Judge Theodore D. Chuang will review the "Report and Recommendations" regardless of whether you have filed written objections to it. If you should fail to file written objections within the time set forth above (or within the time of any extension specifically granted by the Court) and Judge Chuang subsequently adopts the Report and Recommendations, you will have lost your right to appeal the findings and conclusions set forth therein to the United States Court of Appeals for the Fourth Circuit, except upon grounds of plain error.

Very truly yours,

/s/
Gina L. Simms
United States Magistrate Judge

Attachment

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WELLS FARGO BANK, NA, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. TDC-17-2007 |
| | * | |
| DORMAN LONG TECHNOLOGY EQUIPMENT, LLC, | * | |
| | * | |
| | * | |
| Defendant | * | |
| | * | |
| and | * | |
| | * | |
| EROOM CHEM AND TECH, | * | |
| | * | |
| Defendant | * | |
| | * | |
| | * | |

******

## REPORT AND RECOMMENDATIONS

This "Report and Recommendations" addresses the "Consent Motion for Entry of Default and Default Judgment Against Claimant/Defendant Dorman Long Technology Equipment, LLC" ("Consent Motion"), *see* ECF No. 20, which was filed by Defendant Eroom Chem and Tech ("Eroom"). The Consent Motion also includes a request for an award of attorney's fees to Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo").

Pursuant to 28 U.S.C. § 636, and Local Rule 301.5(b), the Honorable Theodore D. Chuang referred this matter to me to issue a report and make recommendations. I believe that the issues have been fully briefed, and do not believe that a hearing is necessary. Local Rule 105.6. As set forth more fully below, I ultimately recommend that the Court grant the Consent Motion and other relief requested.

1

## I. Factual and Procedural Background

On July 19, 2017, Plaintiff Wells Fargo filed a complaint in interpleader and a motion for entry of order of interpleader, pursuant to 28 U.S.C. §§ 1335, 2361 and Federal Rule of Civil Procedure 22, against Dorman Long Technology Equipment, LLC ("Dorman Long") and Eroom (collectively the "Defendants"). ECF Nos. 1, 5. The complaint ("Interpleader Complaint") related to $140,458.00 wired from an Eroom account to a Dorman Long account. In the complaint, Wells Fargo alleged that the Defendants asserted "hostile, conflicting, and mutually exclusive" claims to the funds ("disputed funds"). Thus Wells Fargo, a stakeholder, needed the Court to determine ownership of the disputed funds, as well as to discharge the bank from any liability upon their deposit into the Court's Registry ECF No. 1, ¶¶ 5-7.

According to the complaint, Dorman Long is a Maryland limited liability company with a principal office in Laurel, Maryland, and it opened a business checking account ("Account No. \*\*\*5188") at the bank in January 2017. ECF No. 1, ¶¶ 2, 7. Eroom is a South Korean company that, on March 10, 2017, initiated a wire transfer of $140,458 from a Korean bank to Account No. \*\*\*5188. *Id.* ¶¶ 3, 6. After Wells Fargo credited the money into Dorman Long's account, Eroom notified the bank that the account information provided for the wire transfer was inaccurate, resulting in the disputed funds being disbursed to the wrong account. Eroom also provided Wells Fargo with a copy of an internet crime complaint that it filed with the Federal Bureau of Investigation in which it reported the hacking of wire transfer-related information. *Id.* ¶¶ 8-11. Thereafter, Wells Fargo placed a hold upon the disputed funds, and asked Dorman Long to authorize their return to Eroom. *Id.* On May 24, 2017, Dorman Long told Wells Fargo that the $140,458 was properly credited to its account, and that it did not authorize their return to Eroom *Id.* ¶ 13.

On July 20, 2017, Wells Fargo issued a summons and attached its interpleader complaint and motion thereto to Dorman Long, which were personally served upon Dorman Long's Resident Agent, Fatmata Barrie, on July 21, 2017. ECF Nos. 8, 9.

On August 7, 2017, Eroom filed its answer to the interpleader complaint. In its answer, Eroom maintained that it had purchased products from a company called LDC for years, and that payment for those products had been processed through LDC's foreign bank account. ECF No. 13, ¶ 20. However, Eroom further alleged that, on or before March 8, 2017, upon information and belief, "Dorman Long through its agents or employees maliciously hacked into LDC's [email system]," and phished Eroom and emailed it a fraudulent and forged letter purportedly from LDC directing Eroom to wire transfer future payments due to LDC to Account No. ***5188. *Id.* ¶¶ 20-22.

On September 8, 2017, Eroom filed the Consent Motion and supporting memorandum thereto, including attached affidavits. ECF No. 20. In the motion, Eroom reiterated its earlier claim that it was the victim of email phishing/wire fraud perpetrated by Dorman Long. ECF Nos. 20-1, 20-2, 20-3. Eroom also requested that the Court: (a) enter default and default judgement against Dorman Long; (b) permanently discharge Wells Fargo of any and all liability as to the $140, 458 in interpleader funds; (c) restrain and enjoin Eroom, Dorman Long, and "any other potential claimant" from instituting any other action against Wells Fargo with respect to the disputed funds; (d) enter an order awarding Wells Fargo attorney's fees in the amount of $750.00, to be deducted from the funds; (e) enter an order that Wells Fargo disperse the disputed funds, minus the $750.00, to Eroom; and (f) enter a declaration that "Eroom is the 100% owner of the disputed funds held by Wells Fargo in Account 5188 and no other person or entity has any claim or interest to the funds." ECF No. 20 ¶¶ 1-6. As a basis for its requests, Eroom argued

that Wells Fargo had personally served the Interpleader Complaint upon Dorman Long's Registered Agent on July 21, 2017, and that the due date for Dorman Long's Answer was August 11, 2017. Therefore, the Court should enter the default of Dorman Long. ECF No. 20-1.

On September 25, 2017, Eroom filed a "Notice of Non-Opposition to Consent Motion for Entry of Default and Default Judgment" against Dorman Long, in which Eroom noted that Dorman Long had not filed an opposition by September 22, 2017, as required by the Local Rule. ECF No. 21.

On March 22, 2018, the Honorable Theodore D. Chuang granted in part Wells Fargo's "Motion for Entry of Order of Interpleader," directing Wells Fargo to deposit the disputed funds into the Court's Registry, and discharging Wells Fargo from any liability upon that deposit. ECF No. 23.

Wells Fargo's retained possession of the disputed funds in Account No. ***5188 until April 2, 2018, the date that it deposited $140, 458 into the Court's Registry. ECF No. 24.

## II. Discussion Related to Disputed Funds

### A. Interpleader

In general, an interpleader action proceeds in two stages: first, a district court must determine whether a stakeholder has "properly invoked interpleader;" and second, if the court determines that interpleader is proper, then the court can direct the disputed funds to be deposited with the Clerk of the Court and "dismiss the stakeholder with prejudice and discharge it from all liability with respect to the [disputed] funds, and prohibit the claimants from initiating or pursuing any action or proceeding against the stakeholder regarding the [disputed funds]." *Wells Fargo Bank, N.A. v. Eastham*, Case No. CV DKC-16-0386, 2016 WL 2625281, at *2 (D.Md. May 9, 2016). It is during this second phase of the action that, generally, a court issues a

scheduling order and "the case continues between the claimants to determine their respective rights," which usually signifies that the claimants engage in "normal litigation processes, including pleading, discovery. . . ." *Eastham*, 2016 WL 2625281, at *2 (citing *United States v. High Tech. Prods, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)).

As stated previously, Judge Theodore D. Chuang granted Wells Fargo's motion for entry of an interpleader order, directed Wells Fargo to deposit the funds into the Court Registry, and discharged Wells Fargo from liability. I assume that as a corollary to ECF No. 23, Judge Chuang also intended to realign the remaining interpleader parties, Eroom and Dorman Long, as adversaries. *See Eastham, supra,* 2016 WL 2625281 at *5 (interpleader defendant's motion for default against other defendant "could not be resolved in the present posture;" remaining parties had to be realigned as adversaries before further proceedings could occur); *see also Manufacturers & Traders Trust Co. v. Del Conca USA, Inc. et al.,* Case No. CV GJH-16-3346, 2017 WL 3175567, at **1 (D.Md. July 25, 2017). To the extent that the realignment has not occurred, I respectfully recommend that the district court realign the parties. Thus, the Interpleader action would proceed with Eroom as the Plaintiff and Dorman Long as the Defendant.

Assuming the realignment of the parties, a question arises as to whether or not, as a practical matter, the second stage of an interpleader action can occur—e.g., the normal litigation process—because Dorman Long is in default.

### B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Fed.R.Civ. P.") governs entries of default and default judgments. Upon motion of a party, Rule 55(a) provides that a default

scheduling order and "the case continues between the claimants to determine their respective rights," which usually signifies that the claimants engage in "normal litigation processes, including pleading, discovery. . . ." *Eastham*, 2016 WL 2625281, at *2 (citing *United States v. High Tech. Prods, Inc.*, 497 F.3d 637, 641 (6th Cir. 2007)).

As stated previously, Judge Theodore D. Chuang granted Wells Fargo's motion for entry of an interpleader order, directed Wells Fargo to deposit the funds into the Court Registry, and discharged Wells Fargo from liability. I assume that as a corollary to ECF No. 23, Judge Chuang also intended to realign the remaining interpleader parties, Eroom and Dorman Long, as adversaries. *See Eastham, supra,* 2016 WL 2625281 at *5 (interpleader defendant's motion for default against other defendant "could not be resolved in the present posture;" remaining parties had to be realigned as adversaries before further proceedings could occur); *see also Manufacturers & Traders Trust Co. v. Del Conca USA, Inc. et al.,* Case No. CV GJH-16-3346, 2017 WL 3175567, at **1 (D.Md. July 25, 2017). To the extent that the realignment has not occurred, I respectfully recommend that the district court realign the parties. Thus, the Interpleader action would proceed with Eroom as the Plaintiff and Dorman Long as the Defendant.

Assuming the realignment of the parties, a question arises as to whether or not, as a practical matter, the second stage of an interpleader action can occur—e.g., the normal litigation process—because Dorman Long is in default.

### B. Default Judgment

Rule 55 of the Federal Rules of Civil Procedure ("Fed.R.Civ. P.") governs entries of default and default judgments. Upon motion of a party, Rule 55(a) provides that a default

judgment can be entered when a defendant fails to "plead or otherwise defend in accordance with [Rule 55]." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982).

In considering a motion for default judgment, a district court generally engages in a two-step process. First, the court accepts as true the well-pleaded factual allegations in a complaint, other than those pertaining to damages. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *see also* Fed.R.Civ.P. 8(b)(6). If a party's factual allegations are unchallenged, a district court has discretion to grant default judgment where a defendant is unresponsive. *See* Fed. R. Civ. P. 55(a)–(b); *see also*, *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405–06 (D. Md. 2006) (holding that entry of default judgment was proper because defendant had been properly served with a complaint and did not respond, even after plaintiffs tried repeatedly to contact him); *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 422 (D. Md. 2005) (concluding that default judgment was appropriate because defendant was "unresponsive for more than a year" after denial of his motion to dismiss, even though he was properly served with plaintiff's motions for entry of default and default judgment).

Second, if a court finds that the moving party has established liability, then it must make an independent determination of damages. *Ryan*, 253 F.3d at 780-81.

1. Liability

This case is factually similar to *Del Conca USA, Inc. v. Akers,* Case No. CV GJH-16-3346, 2017 WL 360535 (D.Md. August 18, 2017). In *Del Conca*, Defendant Akers was served with an interpleader complaint, however he never responded to that complaint or the motion for default judgment. Under those circumstances, the district court directed the Clerk of the Court to enter default against the defendant, after which point the defendant still failed to enter his appearance or assert entitlement to the disputed funds. The court ultimately held that the

defendant forfeited any claim to the funds, and found that the plaintiff was entitled to the funds. *Del Conca*, 2017 WL 360535, *2 (citing, *inter alia*, *Protective Life Ins. Co. v. Tinney*, No 2:14-CV-02251-TMP, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (noting that "the law seems to hold that a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint"); *see also Am. Nat'l Bank & Trust Co. of Chicago v. Alps Elec. Co.,* No. 99 C 6990, 2002 WL 484845, at *2 (N.D. Ill. Mar. 29, 2002) (finding that defendant was "clearly entitled" to have his motion for default judgment granted against one of two other defendants who neither answered nor appeared)).

In this case, I find that no evidentiary hearing is necessary and instead rely on the affidavits and other evidence of record to make my recommendation. I find that Dorman Long has defaulted. Wells Fargo served Dorman Long with the Interpleader Complaint on July 20, 2017, almost nine months ago. ECF No. 20-1. An Answer to the Interpleader Complaint was due on or before August 11, 2017. ECF No. 20-1. Subsequently, Eroom has certified that it has served all of its pleadings related to the interpleader action on Dorman Long's Registered Agent, consistent with Local Rule 102.1(c) and Fed.R.Civ. P. 4(h)(1), 5(b)(2)(C). See ECF Nos. 20, 21. To date Dorman Long has neither entered its appearance in the matter, nor filed an Answer or otherwise defended against the action. Accordingly, I respectfully recommend that default and default judgment be entered against Dorman Long, and that its claim to interplead the disputed funds is hereby extinguished.

In addition, based on the undisputed evidence supported by affidavits, I recommend that the Court declare that Eroom is the owner of the disputed funds. Furthermore, to the extent that the Court does not believe that its March 22, 2018 Order discharging Wells Fargo from liability precludes Eroom and Dorman Long from suing Wells Fargo, I recommend that the Court

restrain and enjoin Eroom and Dorman Long from instituting any other action against Wells Fargo with respect to the disputed funds.[1]

2. Damages

Fed.R.Civ. P. 54(c) limits the type and amount of damages that may be entered as a result of a party's default to the amount that is demanded in a party's pleadings.

In this case, I find that Eroom's Interpleader complaint is well-pled and supported by affidavits establishing the amount of $148,450. S*ee* ECF Nos. 20-1, 20-2, 20-3, and that no evidentiary hearing is necessary. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No 6:09CV0004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (court did not conduct an evidentiary hearing on damages following a default judgment where moving party submitted affidavits and printouts establishing amount of damages sought). Thus, I recommend that the Court enter an award of damages in the amount of $140,458 in favor of Eroom.

## IV. Attorney's Fees

Neither Fed.R.Civ.P. 22 nor 28 U.S.C. §§1335, 2361 mentions awarding attorney's fees or costs in an interpleader action. However, district courts have broad discretion to award "reasonable" attorney's fees and costs, and can deduct that amount from funds deposited into the Court's Registry. *See Wells Fargo*, *supra,* 2016 WL 2625281, at *4 (citation omitted); *Manufacturers & Traders Trust Co. v. Del Conca USA, Inc. et. al, supra*, 2017 WL 3175567, at *3; *Bank of Am., N.A. v. Jericho Baptist Church Ministries, Inc.*, Case No. CV PX 15-02953,

---

[1] In the Consent Motion, Eroom also requests that the Court restrain and enjoin "any other potential claimant from instituting any other actions against Wells Fargo with respect to the disputed funds." ECF No. 20, p. 2. To date, neither Eroom nor Wells Fargo has identified "any other potential claimant" to the funds in Account No. ***5188. Nor has either party articulated any legal basis for the propriety of an injunction against any *future* potential claimant that is not a party to the instant interpleader action. *Compare* 28 U.S.C. § 2361 refers to all "claimants" in an interpleader action. As a practical matter, however, based on the facts of this case, I find Eroom to be the owner of the disputed funds.

2017 WL 319521, at *1 (D.Md. Jan. 23, 2017). The rationale underpinning awards of fees and costs is that it is appropriate "because the stakeholder is considered to be helping multiple parties to an efficient resolution of the dispute in a single court." *Jericho*, 2017 WL 319521, at *2. In addition, an attorney's fee award should be "properly limited to the preparation of the petition for interpleader, the deposit of contested funds with the court, and the preparation of the order discharging the stakeholder." *Id.,* at *2.*

In this case, I find that Wells Fargo is seeking only $750.00 in attorney's fees. Wells Fargo prepared the interpleader complaint, deposited the contested funds into the Court's Registry, and the drafted an order. In addition, Dorman Long cannot show prejudice because it has failed to respond to this interpleader action. Furthermore, Eroom has consented to the award of attorney's fees to Wells Fargo to be deducted from the $140,458 in disputed funds. ECF No. 20. Finally, the award sought is reasonable because it is a modest percentage of the total amount of disputed funds (less than 1%). *See Aetna Life Ins. V. Outlaw*, 411 F.Supp. 824, 827 (D.Md. 1976) (awarding interpleader stakeholder $784.32 out of a disputed fund of $18,150); *Sun Life Assur. Co. of Canada*, 466 F.Supp.2d 714, 717 (W.D. Va. 2006) (awarding interpleader in the amount of $3,200 out of a disputed fund of $41,175.46).

Accordingly, I recommend that Wells Fargo be awarded attorney's fees in the amount of $750.00, to be deducted from the disputed funds.

## IV. Conclusion

In sum, I respectfully recommend that that the Court:

1) Realign the parties, such that Eroom is the Plaintiff and Dorman Long is the Defendant;

2) Enter default and default judgment against Dorman Long, and find that its claim to interplead the disputed funds is hereby extinguished;

3) Declare Eroom the owner of the disputed funds;

4) Restrain and permanently enjoin Eroom and Dorman Long from instituting any other action against Wells Fargo with respect to the disputed funds;

5) Enter an award of attorney's fees and costs in the amount of $750.00 in favor of Wells Fargo;

6) Order that the $750.00 be deducted from the $140,458 currently in the Court's Registry and paid to Wells Fargo;

7) Order that the remaining $139,708 be paid to Eroom as damages.

April 11, 2018                                       /s/
                                            Gina L. Simms
                                            United States Magistrate Judge